| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | For Online Publication Only |

----------------------------------------------------------------------X
BRIAN KEITH DUDLEY, #13009249,

                       Plaintiff,

            -against-                    **ORDER**
                                                   16-CV-1548 (JMA)(AYS)

D.A. MADELINE SINGAS, A.D.A. MICHAEL
BUSHWACK, A.D.A. JENE KANG, P.O. GREGORY
NICHOLSON, Shield #2953/Serial #8342; P.O. JOHN
MONELL, Shield #3440/Serial #8916; NASSAU COUNTY
P.O. JOSEPH SEDITA, Shield #1951/Serial #8398,
NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE,

                       Defendants.
----------------------------------------------------------------------X

**FILED**
**CLERK**
11/13/2017 3:28 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      On March 18, 2016, incarcerated *pro se* plaintiff Brian Keith Dudley ("plaintiff") commenced this action against Nassau County District Attorney Madeline Singas ("D.A. Singas"), Assistant District Attorney Michael Bushwack ("A.D.A. Bushwack"), Assistant District Attorney Jene Kang ("A.D.A. Jene Kang"), P.O. Gregory Nicholson, Shield #2953/Serial #8342 ("P.O. Nicholson"), P.O. John Monell, Shield #3440/Serial #8916 ("P.O. Monell"), Nassau County, P.O. Joseph Sedita, Shield #1951/Serial #8398 ("P.O. Sedita"), and the Nassau County District Attorney's Office ("D.A's Office" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I. BACKGROUND

All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (stating in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff's voluminous complaint is submitted on the Court's Section 1983 complaint form with an additional 150 pages of exhibits. Plaintiff seeks to challenge his criminal prosecution and conviction in state court.

According to the complaint, plaintiff was charged with vehicular manslaughter in the second degree and operating a motor vehicle while under the influence of alcohol. (Compl. at 5.) Plaintiff claims that he was not intoxicated and alleges that the circumstances surrounding the accident "do not reasonably lead to the exclusive hypothesis of my recklessness." (Id.) Rather, plaintiff alleges that the "accident occurred when the pedestrian crossed the street against the traffic signal" and that the victim was an alcoholic. (Id. at 6.) Plaintiff claims that he was not read his Miranda rights at the time of his arrest and that the results of the "breath test" administered to plaintiff at the scene were "defective" because plaintiff's asthma inhalers (Albuterol and Advir) affected the test. (Id. at 7.) Plaintiff claims that he has been "incarcerated for over two years on these fraudulent charges" and claims "entitlement to either release from custody or a felony exam. . . ." (Id. at 8.) In the space on the complaint form that calls for a description of any injuries suffered as well as any medical treatment required and/or received, plaintiff alleges: "Negligence, wrongful imprisonment, malicious prosecution, severe mental anguish, and pain and suffering." (Id. ¶ IV.A.) For relief, plaintiff seeks, inter alia, compensatory and punitive damages in total sum in excess of $10 million. (Id. at ¶ V.)

When plaintiff filed his complaint, he was still awaiting trial on the charges against him. However, on April 28, 2017, plaintiff submitted a letter to the Court indicating that he was convicted in state court and is now seeking to vacate that conviction through a motion brought pursuant to N.Y. C.P.L.R. § 440.10 in state court. According to plaintiff's April 28, 2017 submission, plaintiff was convicted of manslaughter in the second degree and violations of N.Y. V.T.L. § 1192(2) and & §511(1). Plaintiff received a sentence of 5-15 years of imprisonment.

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519,

520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

C.  **Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for

4

vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 1. Plaintiff's Conviction Bars His Claims for Injunctive Relief and Malicious Prosecution

To the extent that plaintiff, who has been convicted, seeks release from prison, his § 1983 claims seeking such relief are precluded by Preiser v. Rodriguez, 411 U.S. 475 (1973), which held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983," Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Relatedly, plaintiff's claims for malicious prosecution against all defendants are precluded by the holding of Heck v. Humphrey. In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486–87. Because plaintiff was convicted and his conviction has not been

5

overturned, his malicious prosecution claims must be dismissed.

### 2. False Arrest Claims Against P.O. Nicholson, P.O. Monell, and P.O. Sedita

Plaintiff also alleges that he was falsely arrested. The elements of a false arrest claim "under Section 1983 are 'substantially the same' as the elements under New York law." Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003) (quoting Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)). Claims for false arrest under both New York common law and Section 1983 require that a plaintiff to "demonstrate that defendant intended to confine him, he was conscious of the confinement, he did not consent to the confinement, and the confinement was not otherwise privileged." See Shain v. Ellison, 273 F.3d 56, 67 (2d Cir. 2001) (citing Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)). "A false arrest claim is defeated by the plaintiff's conviction for the offense for which he was arrested." Phelan v. Sullivan, 541 F. App'x 21, 23 (2d Cir. 2013) (citing Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986)).

Because plaintiff has been convicted, his false arrest claims must be dismissed.

## D. State Law Claims

Plaintiff also alleges negligence under New York State law. Because all of plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law negligence claim. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Accordingly, plaintiff's negligence claim is dismissed without prejudice.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted. Plaintiff's claims for injunctive relief, malicious prosecution, and false arrest are hereby dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1).  Plaintiff's negligence claim is dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to *pro se* plaintiff.

**SO ORDERED.**                                                    ____/s/ (JMA)_____
                                                                                Joan M. Azrack
Dated:   November 13, 2017                                 United States District Judge
             Central Islip, New York